Mei Tsang, Esq. (SBN 237959)
mtsang@fishiplaw.com
Joseph Andelin, Esq. (SBN 274105)
jandelin@fishiplaw.com
Fish & Tsang, LLP
2603 Main Street, Suite 1000
Irvine, California 92614-4271
Telephone: 949-943-8300
Facsimile: 949-943-8358

Attorneys for Plaintiff, The Parallax Group International, LLC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, THE SOUTHERN DIVISION

| | |
|---|---|
| The Parallax Group International, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Sleeping Partners International Inc., a New York corporation,<br><br>Defendant. | Civil Action No.: 8:16-cv-1808<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff, by and through its attorneys of record, alleges as follows:

**PARTIES**

2. Plaintiff, The Parallax Group International, LLC ("Parallax"), is a corporation organized and existing under the laws of the State of California, with a place of business at 65 Enterprise 3rd Floor, Aliso Viejo, CA 92656.

3. Upon information and belief, Defendant, Sleeping Partners International, Inc. ("Sleeping Partners" or "the Defendant"), is a wholly owned corporation organized and existing under the laws of the State of New York, with its principal place of business at 140 58th Street, Brooklyn, NY 11220.

**SUBJECT MATTER JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**BACKGROUND**

5. Parallax protects its technologies through a broad range of intellectual property rights.

6. Among the patents that Parallax has been awarded are the patents listed below, to which Parallax owns all rights, title, and interest.

| Patent Number | Title |
|---|---|
| US 9,289,085 (the '085 patent) | Floor Matting |
| US D543,764 (the '764 patent) | Resilient Mat |

**COUNT ONE: INFRINGEMENT OF THE '085 PATENT BY DEFENDANT**

7. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-6.

8. The application for the '085 patent was filed on February 24, 2015.

9. The '085 patent issued on March 22, 2016.

10. The '085 patent is valid and enforceable.

11. Plaintiff actively markets and sells throughout the United States products that embody at least claim 1 of the '085 patent.

12. Upon information and belief, and in violation of 35 U.S.C. § 271, Defendant has infringed the '085 patent through direct infringement and infringement under the doctrine of equivalents.

13. Since at least August 17, 2013, Defendant has offered for sale, sold, used, manufactured, or imported floor mats that embody the limitations of claim 1 of the '085 patent.

14. Defendant has also offered for sale, sold, used, manufactured, or imported at least the following infringing floor mats in the United States: the 4 Piece Double Layered Play Mat Set, the Steel Plate Pattern 4 Piece Play Mat Set, and the Quad Playmats ("the '085 Infringing Products"), with exemplary depiction of some of the '085 Infringing Products found in **Exhibit 1**, attached.

15. Specifically, the '085 Infringing Products infringe the subject matter protected by claim 1 of the '085 patent.

16. Some of Defendant's acts constituting infringement of claim 1 of the '085 patent are detailed in **Exhibit 2**, attached.

17. Upon information and belief, Defendant currently sells or has sold at least some of the '085 Infringing Products directly to customers through websites owned, operated, or controlled by Defendant, including <www.tadpoleshome.com> and <www.tadpolesbedding.com>.

18. Upon information and belief, Defendant currently sells or has sold at least some of the '085 Infringing Products through the following websites: <www.homedepot.com>, <www.bedbathandbeyond.com>, <www.gilt.com>, <www.amazon.com>, <www.toysrus.com>, <www.target.com>, <www.wayfair.com>, and <www.walmart.com>.

19. Upon information and belief, Defendant has imported and continues to import into the United States at least some of the '085 Infringing Products from Fujian, China.

20. Upon information and belief and in violation of 35 U.S.C. § 271, the Defendant also contributed to or induced infringement of claim 1 of the '085 patent.

21. As a direct and proximate result of the Defendant's acts of infringement, Plaintiff suffered damages in an amount according to proof at trial.

22. Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

23. Defendant continues to offer for sale, sell, use, manufacture, or import floor mats that infringe the '085 patent.

24. Unless the Defendant is enjoined by this Court from continuing its infringement of the '085 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to an injunction against further infringement.

25. Upon information and belief, products sold by Plaintiff included markings identifying the '085 patent as early as May 19, 2016.

26. Parallax has offered for sale and sold products embodying and bearing the mark of the '085 patent on its website, <www.norsk-stor.com>, since at least May 19, 2016.

27. Upon information and belief, the Defendant had constructive notice of the '085 patent at least as of May 19, 2016.

**COUNT TWO: INFRINGEMENT OF THE '764 PATENT BY DEFENDANT**

28. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-6.

29. The application for the '764 patent was filed on January 17, 2006.

30. The '764 patent issued on June 5, 2007.

31. The '764 patent is valid and enforceable.

32. The '764 patent claims the ornamental design of a mat, depicted in **Exhibit 3**, attached, where the top and bottom portion of the mat has different colors.

33. Plaintiff actively markets and sells throughout the United States products embodying the design claimed by the '764 patent.

34. Upon information and belief, and in violation of 35 U.S.C. § 271, Defendant has infringed the '764 patent through direct infringement and infringement under the doctrine of equivalents.

35. Upon information and belief, Defendant has offered for sale, sold, used, manufactured, or imported floor mats that infringe the '764 patent since at least March 25, 2010.

36. Upon information and belief, Defendant has offered for sale, sold, used, manufactured, or imported the Circles 16 Piece set product since at least March 25, 2010.

37. Defendant has also offered for sale, sold, used, manufactured, or imported at least the following infringing floor mats in the United States: the 4 Piece Double Layered Play Mat set, the Quad Playmats set, the ABC 26 Piece set, the Cat & Dogs 16 Piece set, the Circles 16 Piece set, the Circles Squared 16 Piece set, the Dino 16 Piece set, the First Shapes 16 Piece set, the Flowers 16 Piece set, the Hearts & Stars 16 Piece set, the Hearts 16 Piece set, the Pawprints 16 Piece set, the Stars 16 Piece set, Steel Plate Pattern 4 Piece set, the Teddy & Friends 16 Piece set, and the Transport 16 Piece set ("the '764 Infringing Products"), with exemplary depiction of some of the '764 Infringing Products found in **Exhibit 4**, attached.

38. The '764 Infringing Products and, on information and belief, other products sold, offered for sale, manufacture, or imported by Defendant, are the same, or are substantially identical to, the design claimed in the '764 patent.

39. An ordinary observer with an understanding of the relevant prior art in the floor mat industry would believe the '764 Infringing Products and, upon information and belief, other products sold, offered for sale, manufactured, or imported by Defendant, are substantially the same as the design claimed by the '764 patent.

40. Upon information and belief, Defendant currently sells or has sold at least some of the '764 Infringing Products directly to customers through websites owned, operated, or controlled by Defendant, including <www.tadpoleshome.com>, <www.sleepingpartners.com>, and <www.tadpolesbedding.com>.

41. Upon information and belief, Defendant currently sells or has sold at least some of the '764 Infringing Products through the following websites: <www.homedepot.com>, <www.bedbathandbeyond.com>, <www.gilt.com>, <www.amazon.com>, <www.toysrus.com>, <www.target.com>, <www.wayfair.com>, and <www.walmart.com>.

42. Upon information and belief, Defendant has imported and continues to import into the United States at least some of the '764 Infringing Products from Fujian, China.

43. Upon information and belief and in violation of 35 U.S.C. § 271, the Defendant also contributed to or induced infringement of claim 1 of the '764 patent.

44. As a direct and proximate result of the Defendant's acts of infringement, Plaintiff suffered damages in an amount according to proof at trial.

45. Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

46. Defendant continues to offer for sale, sell, use, manufacture, or import floor mats that infringe the '764 patent.

47. Unless the Defendant is enjoined by this Court from continuing its infringement of the '764 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to an injunction against further infringement.

48. Upon information and belief, products sold by Plaintiff included markings identifying the '764 patent as early as May 20, 2010.

49. Parallax has offered for sale and sold products embodying and bearing the mark of the '764 patent on its website, <www.norsk-stor.com>, or in retail locations since at least May 20, 2010.

50. Upon information and belief, the Defendant had constructive notice of the '764 patent at least as early as May 20, 2010.

**PRAYER FOR RELIEF**

Plaintiff Parallax prays for judgment and relief as follows:

A) Judgment that the '085 and '764 patents are valid and enforceable;

B) Judgment that the Defendant, its directors, officers, employees, attorneys, and agents, and all those persons acting in active concert or in participation with them, and their successors and assigns, be enjoined from further acts that infringe, contributorily infringe, or induce infringement of the '085 and '764 patents pursuant to 35 U.S.C. § 283;

C) Judgment that the Defendant be ordered to pay damages adequate to compensate Parallax for infringement of the '085 and '764 patents pursuant to 35 U.S.C. § 284, together with

interest, including pre-judgment interest from the date infringement of each of the patents began;

D) Judgment that the Defendant directly committed, induced, or contributed to willful infringement of the '085 and '764 patents and that the Defendant be ordered to pay treble damages pursuant to 35 U.S.C. § 284;

E) Judgment that the Defendant be ordered to pay all costs and expenses incurred by Parallax associated with this action pursuant to 35 U.S.C. § 284;

F) Judgment that this case is exceptional, and that the Defendant be ordered to pay all of Parallax's attorney fees associated with this action pursuant to 35 U.S.C. § 285; and

G) Judgment that Parallax be granted any other relief as this Court finds just and proper, including enhanced damages.

**DEMAND FOR JURY TRIAL**

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

FISH & TSANG, LLP

Dated: September 28, 2016    By:  /s/Mei Tsang
                                  Mei Tsang, Esq.
                                  Attorneys for Plaintiff
                                  Parallax, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system on September 28, 2016.

Respectfully submitted,

FISH & TSANG, LLP

Dated: September 28, 2016       By:   /s/Mei Tsang
                                      Mei Tsang, Esq.
                                      Attorneys for Plaintiff
                                      Parallax, Inc.